UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>              v.<br><br>Griffin Kapelus,<br><br>                      *Defendants.* | **Protective Order**<br><br>**20 Cr. 511 (SHS)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and of individuals; and (ii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

3. Sensitive disclosure material:

(a)  Shall be maintained in a safe and secure manner;

(b) Shall be reviewed by the defendant solely in the presence of defense counsel, including during remote meetings between the defendant and defense counsel.

4.  The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under

seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. The Government (other than in the discharge of their professional obligations in this matter), the defendant, defense counsel, defense staff, defense experts/advisors, potential defense witnesses and their counsel, and other authorized persons are strictly prohibited from publicly disclosing or disseminating the identity of any victims or witnesses referenced in the disclosure material. This Order does not prohibit defense counsel from publicly referencing individuals who have spoken by name on the public record in this case.

7. The defendant, defense counsel, defense staff, defense experts/advisors, potential defense witnesses, and other authorized persons are prohibited from filing publicly as an attachment to a filing or excerpted within a filing the identity of any victims or witnesses referenced in the disclosure material, who have not spoken by name on the public record in this case, unless authorized by the Government in writing or by Order of the Court. Any such filings must be filed under seal, unless authorized by the Government in writing or by Order of the Court.

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever

date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: /s/ Daniel G. Nessim	Date: 10/29/2020
    Daniel G. Nessim
    Assistant United States Attorney

_____	Date: 10/29/20
Justine Harris
Anna Estevao
Counsel for Griffin Kapelus

SO ORDERED:

Dated: New York, New York
       October 30, 2020

_____
THE HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE